**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PEDRO SANTIAGO-ESPINOSA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 22-2677** |
| | : | |
| **WELLPATH MEDICAL, CORRECT CARE SOLUTIONS, P.A. JOE WALSH, DEPARTMENT OF CORRECTIONS** | : : : | |

# MEMORANDUM

**KEARNEY, J.** **July 26, 2022**

An incarcerated man *pro se* sues a physician assistant and allegedly Commonwealth-affiliated entities for violating his Constitutional rights through inadequate medical treatment of his injured wrist. The man does not plead the physician assistant's personal involvement in violating his rights. He also does not plead the Commonwealth entities promulgated a policy or custom causing violations of his rights. And he pleads non-existent claims for damages under the Pennsylvania Constitution. We dismiss the incarcerated man's claims under the Constitution without prejudice to timely file an amended Complaint alleging an individual's personal involvement and the entities' policy or custom regarding his medical treatment. We dismiss the incarcerated man's damages claims under the Pennsylvania Constitution with prejudice.

## I. Alleged pro se facts

Pedro Santiago-Espinosa claims he needed a wrist splint to mend his injured right wrist while the Department of Corrections held him at State Correctional Institution Camp Hill (SCI Camp Hill).[1] Mr. Santiago-Espinosa asked unnamed nurses at SCI Camp Hill for the splint "nearly every day."[2] He also asked the prison's medical department for the wrist splint.[3] Mr. Santiago-Espinosa never received a splint at SCI Camp Hill despite unnamed employees informing him he

would receive one.[4] The Department of Corrections later transferred Mr. Santiago-Espinosa to State Correctional Institution Phoenix (SCI Phoenix) in this District.[5] He told an unnamed intake nurse about his need for a wrist splint.[6] She apparently did not provide him a splint and "could not explain why it was taking so long to receive said splint."[7] Mr. Santiago-Espinosa finally received the splint after eight months of requesting one.[8] X-rays later revealed Mr. Santiago-Espinosa suffered two breaks in his wrist bone.[9] Mr. Santiago-Espinosa claims he needed a screw in his wrist to fix the breaks.[10] He claims he suffers daily pain, difficulty sleeping, and loss of movement in his wrist.[11]

Mr. Santiago-Espinosa *pro se* sues Physician Assistant Joe Walsh in his individual capacity and Wellpath Medical, Correct Care Solutions, and the Department of Corrections in their official capacities under 42 U.S.C. § 1983.[12] Mr. Santiago-Espinosa claims violations of the Eighth Amendment and Fourteenth Amendment of the United States Constitution.[13] He also claims violations of the Pennsylvania Constitution.[14] He seeks $850,000 in damages.[15]

## II. Analysis

Congress requires us to screen Mr. Santiago-Espinosa's Complaint under 28 U.S.C. § 1915A.[16] Congress in section 1915A requires we "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."[17] We must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted."[18]

We apply the same standard applicable to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) to determine whether a complaint fails to state a claim under section 1915A(b)(1).[19] Our Court of Appeals directs us to be "mindful of our 'obligation to liberally construe a *pro se* litigant's pleadings'. . . particularly where the *pro se* litigant is imprisoned."[20]

We must "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[21] But "*pro se* litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."[22]

We dismiss Mr. Santiago-Espinosa's Eighth Amendment claim against Mr. Walsh without prejudice because Mr. Santiago-Espinosa does not plead Mr. Walsh's personal involvement in causing his harms. We dismiss Mr. Santiago-Espinosa's Eighth Amendment claims against Wellpath Medical, Correct Care Solutions, and the Department of Corrections without prejudice because he does not plead the entities acted under or promulgated a Commonwealth policy which violated his constitutional rights. We dismiss Mr. Santiago-Espinosa's damages claims under the Pennsylvania Constitution with prejudice because no cause of action for damages exists under the Pennsylvania Constitution.

**A. We dismiss Mr. Santiago-Espinosa's claim under the Eighth Amendment against Mr. Walsh without prejudice.**

Mr. Santiago-Espinosa claims Mr. Walsh violated the Eighth Amendment of the United States Constitution. Mr. Santiago-Espinosa does not explain his claim under the Eighth Amendment. We construe Mr. Santiago-Espinosa's claim liberally as pleading a claim for denial of adequate medical care under the Eighth Amendment.[23] To establish a claim for denial of adequate medical care, Mr. Santiago-Espinosa must plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[24]

Mr. Santiago-Espinosa must plead Mr. Walsh "personally participated in the alleged constitutional violation or approved of it."[25] "Personal involvement can be shown through proof of personal direction or actual knowledge and acquiescence."[26] Mr. Walsh cannot be held liable through *respondent superior*; Mr. Walsh must have "both contemporaneous knowledge of the

alleged wrongdoing and direct supervisory authority over the subordinate actor."[27] "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity."[28]

We dismiss Mr. Santiago-Espinosa's Eighth Amendment claim against Mr. Walsh because he does not plead Mr. Walsh's personal involvement. Mr. Santiago-Espinosa pleads only one sentence involving Mr. Walsh: "The [Department of Corrections, Wellpath, Correct Care Solutions], and P.A. Joe Walsh are equally responsible for the failure to treat[] and care for [my wrist]."[29] Mr. Santiago-Espinosa does not plead how Mr. Walsh personally acted to deny Mr. Santiago-Espinosa a wrist splint. Nor does he plead Mr. Walsh's "contemporaneous knowledge" of a subordinate's denial of Mr. Santiago-Espinosa's medical care. Mr. Santiago-Espinosa simply pleads Mr. Walsh is "responsible for" his failure to obtain a wrist splint. A bare pleading a prison official is "responsib[le] for" harms "is irrelevant" unless the plaintiff pleads facts showing why and how the prison official is responsible.[30] Mr. Santiago-Espinosa's allegations do not establish Mr. Walsh's personal involvement.[31] We dismiss Mr. Santiago-Espinosa's Eighth Amendment claim against Mr. Walsh without prejudice to Mr. Santiago-Espinosa pleading facts showing Mr. Walsh's personal involvement.

**B. We dismiss Mr. Santiago-Espinosa's claim under the Eighth Amendment against Wellpath Medical, Correct Care Solutions, and the Department of Corrections without prejudice.**

Mr. Santiago-Espinosa sues Wellpath Medical, Correct Care Solutions, and the Department of Corrections in their official capacities.[32] We liberally construe Mr. Santiago-Espinosa's claim against these entities as a claim for municipal liability against the Commonwealth under *Monell v. Department of Social Services*.[33]

The Commonwealth under *Monell* is liable for the constitutional violations of its employees if the employees acted under "a municipal policy or custom that resulted in [the] alleged

constitutional violations."[34] A plaintiff bringing a *Monell* claim must: "(1) identify a policy or custom that deprived him of a federally protected right, (2) demonstrate that the municipality, by its deliberate conduct, acted as the moving force behind the alleged deprivation, and (3) establish a direct causal link between the policy or custom and the plaintiff's injury."[35] A policy "is a statement, ordinance, regulation, or decision officially adopted and promulgated by a government body's officers."[36] A custom comprises "practices of state officials [which are] so permanent and well settled as to constitute a custom or usage with the force of law."[37]

We dismiss Mr. Santiago-Espinosa's *Monell* claim against Wellpath Medical, Correct Care, and the Department of Corrections because he does not plead a policy or custom causing violations of his constitutional rights. Mr. Santiago-Espinosa pleads no facts establishing Wellpath Medical, Correct Care Solutions, or the Department of Corrections implemented any policy or custom causing the delay in his obtaining a wrist splint. He simply pleads unnamed prison officials told him he would receive a wrist splint but delayed giving him the wrist splint for eight months. We cannot infer a policy or custom caused this delay. Mr. Santiago-Espinosa must "identify a policy or custom" causing this delay and must plead how the delay violates his Eighth Amendment rights. We dismiss Mr. Santiago-Espinosa's claim against Wellpath Medical, Correct Care, and the Department of Corrections without prejudice to Mr. Santiago-Espinosa pleading facts showing a policy or custom causing violations of his constitutional rights.

**C. We dismiss Mr. Santiago-Espinosa's damages claims under the Pennsylvania Constitution.**

Mr. Santiago-Espinosa also appears to bring damages claims under the Pennsylvania Constitution.[38] Such claims are unavailable. "No Pennsylvania statute establishes, and no Pennsylvania court has recognized, a private cause of action for damages under the Pennsylvania Constitution."[39] While injunctive relief might be available under the

Pennsylvania Constitution,[40] Mr. Santiago-Espinosa seeks only damages. We dismiss Mr. Santiago-Espinosa's claims for damages under the Pennsylvania Constitution with damages.

**III. Conclusion**

Mr. Santiago-Espinosa does not plead the personal involvement of Mr. Walsh. He also does not plead Wellpath Medical, Correct Care, and the Department of Corrections have a policy or custom relating to their medical treatment of incarcerated persons affecting him which caused violations of his rights as an incarcerated man in the Commonwealth's facilities. We dismiss these claims without prejudice to Mr. Santiago-Espinosa timely amending his complaint to plead these facts if he can do so in good faith and mindful his constitutional claims must be more than medical negligence. We dismiss Mr. Santiago-Espinosa's claims for damages under the Pennsylvania Constitution with prejudice.

---

[1] ECF Doc. No. 2 at 12.

[2] *Id.*

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

---

[12] *Id.* at 3. Congress through section 1983 provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

[13] ECF Doc. No. 2 at 4.

[14] *Id.*

[15] *Id.* at 5.

[16] *See, e.g.*, *Shorter v. United States*, 12 F.4th 366, 370 (3d Cir. 2021) (citing 28 U.S.C. § 1915A(b)).

[17] 28 U.S.C. § 1915A(a).

[18] 28 U.S.C. § 1915A(b)(1).

[19] *Turner v. District Att'y Phila. Cnty.*, No. 22-491, 2022 WL 1568395, at *3 (E.D. Pa. May 18, 2022) (citing *Neal v. Pa. Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838, at *1 (E.D. Pa. June 19, 1997)).

A complaint must state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is to test the sufficiency of the factual allegations in a complaint. *Sanders v. United States*, 790 F. App'x 424, 426 (3d Cir. 2019). If a plaintiff is unable to plead "enough facts to state a claim to relief that is plausible on its face," the court should dismiss the complaint. *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Kajla v. U.S. Bank Nat'l Ass'n as Tr. for Credit Suisse First Boston MBS ARMT 2005-8*, 806 F. App'x 101, 104 n.5 (3d Cir. 2020) (quoting *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer and Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While "[t]he plausibility standard is not akin to a 'probability requirement,'" it does require the pleading show "more than a sheer possibility … a defendant has acted unlawfully." *Riboldi v. Warren Cnty. Dep't of Human Servs. Div. of Temp. Assistance & Soc. Servs.*, 781 F. App'x 44, 46 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678). "A pleading that merely 'tenders naked assertion[s] devoid of further factual enhancement' is insufficient." *Id.* (quoting *Iqbal*, 556 U.S. at 668).

In determining whether to grant a Rule 12(b)(6) motion, "we accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff" but "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Robert W. Mauthe, M.D., P.C. v. Spreemo, Inc.*, 806 F. App'x 151, 152 (3d Cir. 2020) (quoting *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878–79 (3d Cir. 2018)). Our

Court of Appeals requires us to apply a three-step analysis to a 12(b)(6) motion: (1) we "'tak[e] note of the elements a plaintiff must plead to state a claim'"; (2) we "identify allegations that … 'are not entitled to the assumption of truth' because those allegations 'are no more than conclusion[s]'"; and, (3) "'[w]hen there are well-pleaded factual allegations,' we 'assume their veracity' … in addition to assuming the veracity of 'all reasonable inferences that can be drawn from' those allegations … and, construing the allegations and reasonable inferences 'in the light most favorable to the [plaintiff]'…, we determine whether they 'plausibly give rise to an entitlement to relief.'" *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (internal citations omitted); *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).

[20] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) and citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

[21] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala*, 704 F.3d at 244).

[22] *Id.* (italics added) (quoting *Mala*, 704 F.3d at 245).

[23] Mr. Santiago-Espinosa also cites the Fourteenth Amendment. We assume Mr. Santiago-Espinosa cites the Fourteenth Amendment because the Fourteenth Amendment incorporates the Eighth Amendment's protection against cruel and unusual punishment to the states. *See, e.g.*, *Washington v. Crum*, No. 19-1460, 2022 WL 798372, at *12 (W.D. Pa. Mar. 16, 2022). To the extent Mr. Santiago-Espinosa intended to state a standalone claim under the Fourteenth Amendment, the claim fails for the same reason his Eighth Amendment claim fails: He does not allege Mr. Walsh's personal involvement in violating his Fourteenth Amendment rights. If Mr. Santiago-Espinosa intended to state a standalone Fourteenth Amendment claim, he should clarify the claim in his amended Complaint.

[24] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

[25] *Gannaway v. Prime Care Med., Inc.*, 150 F. Supp. 3d 511, 546 (E.D. Pa. 2015), *aff'd sub nom. Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91 (3d Cir. 2016).

[26] *Id.*

[27] *Id.*

[28] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

[29] ECF Doc. No. 2 at 12.

[30] *Rode*, 845 F.2d at 1207.

[31] Even assuming Mr. Santiago-Espinosa pleaded Mr. Walsh's personal involvement, he would still not state a denial of adequate medical care claim. A denial of adequate medical care claim requires Mr. Santiago-Espinosa to plead Mr. Walsh's "deliberate indifference" to his medical need.

*Natale*, 318 F.3d at 582. Deliberate indifference is a "subjective standard of liability consistent with recklessness as that term is defined in criminal law." *Burgos v. City of Phila.*, 439 F. Supp. 3d 470, 487 (E.D. Pa. 2020). But Mr. Santiago-Espinosa pleads "[m]edical negligence is at the apex of this claim." ECF Doc. No. 2 at 12. Negligence does not establish deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than mere negligence."). Mr. Santiago-Espinosa must plead facts establishing Mr. Walsh's deliberate indifference, not mere negligence.

[32] We today assume—without deciding—Wellpath Medical and Correct Care Solutions constitute state actors for purposes of section 1983. *See, e.g.*, *Hardy v. Shaikh*, No. 18-01707, 2021 WL 426238, at *4 (M.D. Pa. Feb. 8, 2021) (treating Wellpath as a state actor under section 1983). As with his claim against Mr. Walsh, Mr. Santiago-Espinosa cites the Fourteenth Amendment against the Commonwealth entities. We assume he cited the Fourteenth Amendment because it incorporates Eighth Amendment protections to the states. *See, e.g.*, *Washington*, 2022 WL 798372, at *12. To the extent Mr. Santiago-Espinosa intended to state a standalone claim under the Fourteenth Amendment, we must dismiss it because he does not plead a policy or custom the Commonwealth entities promulgated.

[33] 436 U.S. 658 (1978); *see also, e.g.*, *Ludwig v. Wellpath, LLC*, No. 22-487, 2022 WL 1500556, at *1 (E.D. Pa. May 12, 2022) ("A municipal employer or a private employer who is a state actor such as Wellpath can only be held liable if the constitutional violation was the result of a policy or custom of the municipality or private entity." (citing *Monell*, 436 U.S. at 691)).

[34] *Williams v. Toomey*, 808 F. App'x 66, 69 (3d Cir. 2020) (citing *Monell*, 436 U.S. at 690–92).

[35] *Kirby v. Visionquest Nat'l, Ltd.*, No. 15-6208, 2016 WL 1623439, at *3 (E.D. Pa. Apr. 25, 2016) (internal quotations omitted) (citing *Blasi v. Borough of Pen Argyl*, No. 14-1354, 2015 WL 4486717, at *5 (E.D. Pa. July 3, 2015)).

[36] *Blasi*, 2015 WL 4486717, at *5.

[37] *Glass v. City of Phila.*, 455 F. Supp. 2d 302, 341 (E.D. Pa. 2006) (cleaned up) (citing *Simmons v. City of Phila.*, 947 F.2d 1042, 1059 (3d Cir. 1991)).

[38] ECF Doc. No. 2 at 4 (claiming "Defendants have violated [my] 8th and 14th Constitutional rights, afforded by the State of Pennsylvania, [a]s well as the United States Constitution.").

[39] *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011); *see also Little v. Outlaw*, No. 22-1043, 2022 WL 2828845, at *2 n.3 (E.D. Pa. July 19, 2022).

[40] *See McMillen v. Wetzel*, No. 20-192, 2021 WL 5088069, at *5 (W.D. Pa. Sept. 22, 2021), *report and recommendation adopted*, No. 20-192, 2021 WL 5088023 (W.D. Pa. Nov. 2, 2021).